**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATRICIA ANN THOMAS,
Plaintiff-Appellant,

v.

No. 00-1370

SUMTER COUNTY CORRECTIONAL
CENTER; WILLIAM T. NOONAN,
Defendants-Appellees.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-97-1156)

Submitted: July 27, 2000

Decided: September 14, 2000

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Patricia Ann Thomas, Appellant Pro Se. Stephen Peterson Groves,
Sr., YOUNG, CLEMENT, RIVERS & TISDALE, Charleston, South
Carolina; William Henry Davidson, II, Andrew Frederick Lindemann,
DAVIDSON, MORRISON & LINDEMANN, P.A., Columbia, South
Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Patricia Ann Thomas appeals the district court's grant of summary judgment to Defendants in Thomas's suit claiming employment discrimination and retaliation. On appeal, Thomas asserts that the district court erred by (1) remanding the case back to the magistrate judge for a second report and recommendation; (2) determining that Thomas failed to show a causal connection between her participation in a protected activity and Defendants' failure to promote her; and (3) concluding that Thomas failed to show an adverse employment action during the time period covered by her second and third administrative charges. We affirm.

First, Thomas argues that the district court erred in ordering the magistrate judge to reconsider the case in light of Defendants' objections. However, we find that the district court was well within its authority to request that the magistrate judge and the parties refine and organize the record. Thomas also alleges that the district court and magistrate judge improperly permitted Defendants to change their position regarding whether they were aware of Thomas's participation in a protected activity regarding her previous employer. However, because this issue was eventually decided in Thomas's favor, the actions by the court are irrelevant.

Next, Thomas challenges the district court's finding that she failed to show a causal connection between the Defendants' failure to promote her and her participation in a protected activity. The district court determined that Thomas failed to compare her qualifications to those of the persons that were hired for the disputed positions in the Correctional Department and in the Tax Assessor's Office. Thomas contends that she was not required to show that she was the most qualified candidate but only that she was treated differently in retaliation for her participation in a protected activity.

2

Assuming that Thomas presented a prima facie case, the burden shifted to Defendants to prove that there was a legitimate, non-retaliatory reason for their actions. See Equal Employment Opportunity Comm'n v. Western Elec. Co., 713 F.2d 1011, 1014 (4th Cir. 1983). Defendants conclusorily asserted that better-qualified persons were hired for the positions that Thomas applied for, but they did not submit resumes from the successful candidates. However, the Defendants did file several affidavits from coworkers and supervisors discussing Thomas's weaknesses at work. In addition, Defendants submitted an affidavit from Brenda Disher, who was responsible for hiring for the correctional facility. Disher stated that she informed Thomas that the job would be given to a previous employee if the employee wanted it, which she did.

Regarding the position in the Assessor's Office, the Defendants submitted an affidavit from the Assessor, stating that he did not interview Thomas because one of her supervisors had not given Thomas a glowing review; because Thomas's educational background was unknown; and because Thomas had been observed working on church projects during work time. This evidence satisfies the burden of producing "admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by [retaliatory] animus." See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 257 (1981).

The burden then shifted back to Thomas to prove that her employer's decision not to promote her was false and thus evidence of intentional retaliation. See Reeves v. Sanderson Plumbing Prods., Inc., ___ U.S. ___, 120 St. 2097, 2109 (2000) ("[A] plaintiff's [establishment of a] prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated"). Thomas did not rebut the Defendants' evidence regarding the correctional facility position. With regard to the position in the Assessor's Office, Thomas contended that the Assessor's reasons were mistaken. She asserted that her supervisor gave her a positive review and that she was working on her supervisor's church projects at her supervisor's request. However, these contentions do not rebut the Assessor's perception that the recommendation had reservations and that Thomas was using work time to do personal projects.

3

Thus, Thomas has not shown that the Defendants' proffered reasons were false. At most, she showed a decision with regard to one position might have been based on certain misunderstandings; however, she failed to show that these misunderstandings were in any way related to her participation in a protected activity. Further, she failed to show retaliatory animus on the part of either of the persons responsible for hiring. This conclusion is especially compelling when it is noted that Thomas submitted no evidence that these persons, who were responsible for hiring and who worked for different agencies than Thomas, were even aware that she had engaged in a protected activity.

Regarding Thomas's final claim concerning the establishment of an adverse employment action, we have reviewed the record and the district court's order accepting the recommendation of the magistrate judge and find no reversible error. Accordingly, on this issue, we affirm on the reasoning of the district court. See Thomas v. Sumter County, CA-97-1156 (D.S.C. Feb. 23, 2000). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4